```
            UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF OHIO
                  WESTERN DIVISION
```

MICHAEL MAXEY,                       :    NO:  1:07-CV-00158
                                     :
       Plaintiff,                    :
                                     :    **OPINION AND ORDER**
         v.                         :
                                     :
                                     :
STATE FARM FIRE & CASUALTY           :
COMPANY, et al.,                     :
                                     :
       Defendants.                   :

This matter is before the Court on the Defendants' Motion to Bifurcate Claims for Bad Faith and Punitive Damages, and for Protective Order (doc. 17); Plaintiff's Response in Opposition (doc. 18); and Defendants' Reply in Support (doc. 19). For the reasons stated herein, the Court GRANTS Defendants' Motion to Bifurcate Plaintiff's Punitive and Compensatory Damages Claims, and DENIES Defendants' Motion to Bifurcate Claims for Bad Faith and for Protective Order (doc. 17).

**I. Background**

Plaintiff's allegations arise from a fire that destroyed Plaintiff's home and vehicle, which were insured by Defendant State Farm Fire and Casualty Company and Defendant State Farm Mutual Automobile Insurance Company, respectively (doc. 1). After Defendants denied Plaintiff's insurance claims, Plaintiff filed a complaint alleging: (1)in Counts I and II, breach of contract against each Defendant; (2) in Counts III and IV, bad faith in the

refusal to pay the claim against each Defendant; and (3) in Count V, conspiracy to deny coverage against both Defendants. Plaintiff seeks compensatory damages for Counts I and II, and punitive damages in Counts III, IV, and V (doc. 1).

**II. Discussion**

Defendants now move the Court for an order bifurcating the bad faith claims presented in Counts III, IV, and V, from the breach of contract claims in Counts I and II, and staying all discovery regarding the bad faith allegations/conspiracy claim until the breach of contract claims have been resolved (doc. 17). Defendants further move the Court for an Order bifurcating the punitive damages claims from the claims for compensatory damages (Id.).

**A. Motion for Bifurcation of Bad Faith and Breach of Contract Claims**

Defendants argue that they will be prejudiced if discovery regarding the bad faith allegations is allowed to take place before the breach of contract claims are resolved by trial or settlement (Id.). For support, Defendants cite Boone v. Vanliner Insurance Co., 91 Ohio St. 3d 209 (2001), and Garg v. State Automobile Mutual Insurance Company, 155 Ohio App.3d 258 (2003). In Boone, the Ohio Supreme Court, considering the potential for prejudice in this type of case, stated:

> Of course, if the trial court finds that the release of this information will inhibit the insurer's ability to

>     defend on the underlying claim, it may issue a stay of
>     the bad faith claim and related production of discovery
>     pending the outcome of the underlying claim.

Id., at 214. In Garg, the Ohio Court of Appeals interpreted the Boone decision, stating:

>     Specifically, Boone instructs that courts may bifurcate
>     the trial on a bad faith claim from the remaining claims,
>     and may stay the discovery for a bad faith claim until
>     after a resolution of those claims.

Garg, 155 Ohio App.3d at 267. The Court of Appeals in Garg concluded in that case bifurcation was necessary to prevent the prejudice that would likely occur from the disclosure of attorney-client communications and work product materials. Id.

  Defendants state that on December 4, 2007, Plaintiff filed Interrogatories and Requests for Production of Documents, requesting documents and information that relate strictly to Plaintiff's bad faith claims (Id.). Defendants argue that bifurcation is necessary because none of the discovery requested by Plaintiff would be relevant to Plaintiff's breach of contract claims, and therefore not having this information will not hinder Plaintiff from prosecuting that claim (Id.).

  In response, Plaintiff states that bifurcation is not necessary, arguing that the circumstances in this matter are similar to those in Bondex Int'l, Inc. v. Hartford Accident & Indem. Co., 2004 U.S. Dist. LEXIS 28795 (S.D. Ohio, 2004), where the court, distinguishing the decisions in Boone and Garg, denied bifurcation, noting "[n]otions of judicial economy and efficiency

also weigh against the issuance of a stay of discovery on the bad faith claims in this case." In addition to wasting judicial resources, Plaintiff argues that "[o]n balance, the prejudice to [Plaintiff] from a stay outweighs any prejudice to defendants from commencing discovery on all claims at this time" (doc. 18). Plaintiff contends that his claims are so interrelated that separate trials would cause him great expense and prejudice (Id.).

In reply, Defendants argue that it is precisely because the claims are intertwined that they must be bifurcated (doc. 19). Defendants state "[t]he type of evidence that Plaintiff seeks to support his outlandish allegations, including privileged communications and work product, are irrelevant to proving his breach of contract claim. However, the information is so intertwined with the defense of the breach of contract claim that disclosure would undermine State Farm's ability to defend the underlying claim" (Id.).

Defendants contend that Bondex is inapplicable to this case, citing in support Libbey Inc. v. Factory Mut. Ins. Co., 2007 U.S. Dist. LEXIS 45160 (S.D. Oh. 2007)(Id.). In Libbey, the court found Bondex distinguishable, because in Bondex, the claims were not interrelated. Id. at *28. Further, the court found:

> Here, this case is a more typical coverage dispute with a bad faith denial, a fact patter more akin to the cases of Boone and Garg where the courts found a stay and bifurcation appropriate. There are no unusual circumstances or extended litigation schedules to cause considerations of judicial economy to weigh more heavily

4

    in favor of Libbey.
Id. at *29.  The court held that under those circumstances, the potential prejudice to the defendant outweighed any decrease in judicial economy or efficiency, because "allowing Libbey access to the communications would give Libbey an advantage in litigating the breach of contract claim." Id. at *30.

    Defendants claim that because this case involves allegations relating to a single incident, it is more like Boone, Garg, and Libbey, than Bondex (doc. 19).  Like Boone, Garg, and Libbey, Defendants state that here, the denial of coverage is central to both the breach of contract and bad faith/conspiracy claims, even though the evidence necessary to prove the claims is separate and distinct, and that to allow Plaintiff access to the communications would give Plaintiff an unfair advantage in litigating the breach of contract claim (Id.).

    Having fully considered this matter, the Court does not find a stay of discovery, or bifurcation of Plaintiff's bad faith/conspiracy claims from the breach of contract claims necessary.  A district court may, within its discretion, bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Bondex, 2004 U.S. Dist. LEXIS 28795, at *18 (quoting Saxion v. Titan-C-Manufacturing, Inc. 86 F.3d 553, 556 (6th Cir. 1996)). The Ohio Supreme Court in Boone and the Ohio Court of Appeals in Garg,

both contemplated bifurcation where the discovery of information related to the bad faith claim would compromise a defendant's ability to defend the other claims in the lawsuit. But, as the district court in Bondex stated "[t]he Ohio courts did not conclude that defendants in bad faith cases will automatically suffer prejudice or that a stay of discovery on the bad faith issues is always warranted." 2004 U.S. Dist. LEXIS 28795, at *12. In fact, courts faced with this issue have not found bifurcation or stay of discovery mandatory, but instead have considered the circumstances of the individual case.[1]

The defendants in both Boone and Garg were challenging the production of specific documents which they contended were privileged, whereas these Defendants have not shown, beyond their mere assertions, how the information requested by Plaintiff would impact their ability to defend the breach of contract claims. If,

---

[1] "[S]ome courts, in insurance cases, have bifurcated trials to separate the coverage or breach of contract claims and bad faith claims. See e.g., O'Malley v. U.S. Fidelity and Guar. Co., 776 F.2d 494, 500-501 (5th Cir. 1985); Agrawal v. Paul Revere Life Ins. Co., 182 F. Supp.2d 788, 791 (N.D. Ohio 2001); South Hampton Refining Co. v. National Union Fire Ins. Co. of Pittsburgh, Pa., 875 F. Supp. 382, 384 (E.D. Tex., 1995) (severing the claims in this case but noting that "contract claims and bad faith claims may be tried together in certain instances"). Other courts, however, have declined to bifurcate contract and bad faith claims. see e.g. Athey v. Farmers Ins. Exchange, 234 F.3d 357, 361-62 (8th Cir. 2000); Bloxham v. Mountain West Farm Bureau Mut. Ins. Co., 43 F. Supp.2d 1121, 1129, 1130 (D. Mont. 1999); Light, 182 F.R.D. 210, 212-13 (S.D. W.Va. 1998)." Bondex, 2004 U.S. Dist. LEXIS 28795, at *19-20.

however, Defendants believe the information sought by Plaintiff is protected by privilege, Defendants may challenge its discovery to prevent prejudice.

Further, the Court must take into consideration the prejudice to the Plaintiff, and the interests of judicial economy if the Court granted a stay of discovery and bifurcation of these claims. Plaintiff represents to the Court that his resources are limited, and argues that "prolonging discovery and further extending this litigation...does not operate to conserve the resources of a man who has already lost everything" (doc. 18).

Defendants aver that this case is more akin to the facts of Boone, Garg, and Libbey, which each involved denials of a single insurance claim, than those in Bondex, which was an asbestos case involving dozens of parties and lawyers from multiple states (doc. 19). The Court disagrees. While this case is admittedly not as complex as the Bondex litigation, it does involve two separate insurance claims made with two separate Defendants, who Plaintiff alleges conspired to deny coverage (doc. 18). The Court finds that this matter is sufficiently unusual and complex that bifurcating these claims and delaying discovery on this case until after the conclusion of the breach of contract claims could result in "unnecessary duplication, delay, and expense and does not serve the interest of judicial economy." Bondex, 2004 U.S. Dist. LEXIS 28795, *16.

The Court concludes that, on balance, the potential prejudice to Plaintiff, as well as the concerns of judicial economy, outweigh any possible prejudice to Defendants, and therefore denies Defendants' motion for an order bifurcating the bad faith claims presented in Counts III, IV, and V, from the breach of contract claims in Counts I and II, and staying all discovery regarding the bad faith allegations/conspiracy claim until the breach of contract claims have been resolved (doc. 17).

**B. Motion for Bifurcation of Punitive and Compensatory Damages Claims**

Defendants next move, pursuant to Ohio Revised Code § 2315.21(B), for a bifurcation of Plaintiff's claims for compensatory and punitive damages. In relevant part, § 2315.21(B) states:

> (B)(1) In a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated as follows:
>
> > (a) The initial stage of the trial shall relate only to the presentation of evidence, and a determination by the jury, with respect to whether the plaintiff is entitled to recover compensatory damages for the injury or loss to person or property from the defendant. During this stage, no party to the tort action shall present, and the court shall not permit a party to present, evidence that relates solely to the issue of whether the plaintiff is entitled to recover punitive or exemplary damages for the injury or loss to person or property from the defendant.

8

> (b) If the jury determines in the initial stage of the trial that the plaintiff is entitled to recover compensatory damages for the injury or loss to person or property from the defendant, evidence may be presented in the second stage of the trial, and a determination by that jury shall be made, with respect to whether the plaintiff additionally is entitled to recover punitive or exemplary damages for the injury or loss to person or property from the defendant.

Defendants contend that this language makes bifurcation for compensatory damages from a claim for punitive damages mandatory if requested by any party (doc. 17). In response, Plaintiff argues that § 2315.21(B)(1) only applies to tort actions, and because this case is based on Plaintiff's breach of contract claims, bifurcation is not mandatory (doc. 18). To the contrary, Defendants state that Plaintiff's claims for bad faith are torts, and therefore, because Defendants request bifurcation, the Court must grant this request (doc. 19).

The Court finds Defendants' position well-taken. Plaintiff's claims for bad faith are torts, and therefore subject to R.C. § 2315.21(B)(1). The language is clear, "[i]n a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action <u>shall</u> be bifurcated." R.C. § 2315.21(B)(1) (emphasis added). Therefore, the Court grants Defendants' motion to bifurcate Plaintiff's punitive and compensatory damages claims as mandated by R.C. § 2315.21(B)(1).

**III. Conclusion**

For the foregoing reasons, the Court DENIES Defendants' motion to bifurcate the bad faith claims presented in Counts III, IV, and V, from the breach of contract claims in Counts I and II, and stay all discovery regarding the bad faith allegations/conspiracy claim until the breach of contract claims have been resolved, and GRANTS Defendants' motion to bifurcate the punitive damages claims from the claims for compensatory damages (doc. 17).

SO ORDERED.


Dated: May 14, 2008         /s/ S. Arthur Spiegel
                            S. Arthur Spiegel
                            United States Senior District Judge