```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                          WESTERN DIVISION
```

MICHAEL MAXEY,                  :   NO:  1:07-CV-00158
                                :
        Plaintiff,              :
                                :   **OPINION AND ORDER**
            v.                  :
                                :
                                :
STATE FARM FIRE & CASUALTY      :
COMPANY, et al.,                :
                                :
        Defendants.             :

      This matter is before the Court on the Defendants' Motion for Joinder of Necessary Parties (doc. 32). Plaintiff does not object to this motion. For the reasons stated herein, the Court GRANTS Defendants' Motion.

      Plaintiff's allegations arise from a fire that destroyed Plaintiff's home and vehicle, which were insured by Defendant State Farm Fire and Casualty Company and Defendant State Farm Mutual Automobile Insurance Company (collectively "State Farm"), respectively (doc. 1). After Defendants denied Plaintiff's insurance claims, Plaintiff filed a complaint asserting claims for breach of contract, bad faith, and conspiracy to deny coverage (Id.).

      Under a mortgage clause in Plaintiff's homeowner policy, State Farm's denial of Plaintiff's claim does not extinguish, or in any other way affect, the claims of named mortgagees who comply with the enumerated requirements (doc. 32). Wells Fargo Bank, N.A.

("Wells Fargo") and National City Bank ("NCB") both hold mortgages on Plaintiff's residence, are named mortgagees in Plaintiff's policy, and have each asserted arguably payable claims against Defendant under that policy (Id.).  However, Plaintiff has also filed a Complaint against both mortgagees in the Clermont County Court of Common Pleas seeking a declaratory judgment deeming the mortgages, and the concomitant promissory notes, null and void (Id.). Consequently, Defendants argue that "[a]s matters currently stand, the rights of all the parties who claim an interest in a single policy based on the same event- i.e., the fire- are being evaluated and adjudicated in different courts, leaving the door open to inconsistent judgments and duplicative obligations (Id.)."

Defendants now move the Court for an order joining Wells Fargo and NCB as Involuntary Party-Plaintiffs in this action pursuant to Rule 19(a) of the Federal Rules of Civil Procedure (Id.).  In relevant part, Rule 19(a) provides:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a

>     defendant, or, in a proper case, an involuntary plaintiff.

Fed.R.Civ.P. 19(a). Having reviewed this matter, the Court finds Defendants' position well-taken. The Sixth Circuit has noted that the first step in answering a question of Rule 19 joinder is to determine whether it is a necessary party that should be joined if possible. Soberay Mach. & Equipment Co. v. MRF Ltd., Inc., 181 F.3d 759, 763-4 (6th Cir. 1999). Plaintiff, Wells Fargo, and NCB, all claim an interest in the payment of proceeds under the State Farm policy. With Plaintiff's litigation in Clermont County, the Court finds it necessary to join Wells Fargo and NCB in this action in order to avoid Defendants' substantial risk of incurring "double...or otherwise inconsistent obligations by reason of the claimed interest." Id. As Defendants suggest, "[j]oinder of these two parties will also ensure that any determination relative to the parties' interests will result in full and final termination of all claims regarding this matter" (doc. 32).

The second step of the analysis is whether the absent parties may feasibly be joined. Keweenaw Bay Indian Community v. State, 11 F.3d 1341, 1347 (6th Cir. 1993). This second step hinges on jurisdiction. Id. at 1345. According to the complaint in Plaintiff's case in Clermont County, neither Wells Fargo, nor NCB is a citizen on Ohio, as is Plaintiff, or Illinois, as are the Defendants. Because Wells Fargo and NCB satisfy both steps, according to Rule 19(a), they "shall be joined" as parties to this

3

litigation. Fed.R.Civ.P. 19(a).

Therefore, for the foregoing reasons, the Court GRANTS Defendants' Motion and JOINS Wells Fargo Bank, N.A., and National City Bank in this matter, pursuant to Federal Rule of Civil Procedure 19(a).

SO ORDERED.

Dated: July 9, 2008               /s/ S. Arthur Spiegel
                                  S. Arthur Spiegel
                                  United States Senior District Judge

4