```
                    UNITED STATES DISTRICT COURT
                     SOUTHERN DISTRICT OF OHIO
                         WESTERN DIVISION
```

MICHAEL MAXEY                       :    No. 1:07-cv-158
                                    :
    Plaintiff                       :
                                    :
  vs.                               :    **ORDER & OPINION**
                                    :
STATE FARM FIRE AND CASUALTY        :
COMPANY, et al.                     :
                                    :
    Defendants                      :

This matter is before the Court on Plaintiff's Motion to Exclude the Testimony of Defendants' Expert Mark Sargent (doc. 68), Plaintiff's Renewed Motion to Exclude the Testimony of Defendant's Expert Mark Sargent (doc. 75), Plaintiff's Motion to Strike the Affidavit of James Goodman (doc. 76), Plaintiff's Motion to Strike the Affidavit of John Heltman (doc. 77), Defendants' Response to Plaintiff's Motions (doc. 100), and Plaintiff's Reply thereto (doc. 108). For the following reasons, Plaintiff's Motions are DENIED.

**I. Background & Parties' Arguments**

Plaintiff's allegations arise from a fire that destroyed Plaintiff's home and vehicle, which were insured by Defendant State Farm Fire and Casualty Company and Defendant State Farm Mutual Automobile Insurance Company, respectively (doc. 1). After Defendants denied Plaintiff's insurance claims, Plaintiff filed a complaint alleging breach of contract, bad faith in the refusal to pay the claim and conspiracy to deny coverage (Id.). Defendants have asserted, as their affirmative defense, that they denied

Plaintiff's claim based on material misrepresentations.  After extensive discovery, the parties have submitted cross-motions for summary judgment and the related responses and replies (docs. 62, 64, 71, 73, 94, 96, 102, 112), which are ripe for the Court's consideration.  With the instant Motions to Exclude and Strike, Plaintiff moves this Court to exclude or strike certain evidence submitted by Defendants for the Court's consideration of the summary judgment motions.

### A. <u>Sargent's Testimony</u>

In his Motion to Exclude the Testimony of Defendants' Expert Mark Sargent, Plaintiff argues that, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, the expert testimony should be excluded because Sargent's opinions regarding arson were only disclosed to Plaintiff via an affidavit attached to Defendants' Motion for Summary Judgment (doc. 68, citing to <u>Rowe v. Case Equip. Corp.</u>, 105 F.3d 659 (6th Cir. 1997))).  This is in violation of the relevant rules of civil procedure, Plaintiff contends, because Defendants attempt to offer for the Court's consideration regarding summary judgment expert opinion on arson when Defendants have never claimed arson as an affirmative defense and the existence of these opinions was not revealed to Plaintiff before the filing of Defendants' summary judgment motion (<u>Id</u>.).

In particular, Plaintiff points to the following portion of Sargent's affidavit attached to Defendants' Motion for Summary

Judgment as illustrative of Sargent's improper opinion testimony:

> "In addition to the findings in my report I can testify to the following facts: ...The fire presented many indicators of an intentionally set fire including, a significant volume of fire at the time the fire department arrived at the scene, a fact that is not typical in a[sic] automobile engine fire unless the fire is accelerated with a flammable substance or is allowed to burn for a period of time before it is reported. Evidence of an intentionally set fire is also indicated by the burn patterns on the hood of the vehicle and in the engine compartment, both of which indicate that the fire started outside of the engine compartment. Evidence of an intentionally set fire is also indicated by the fact that there was no natural cause of the fire identified. Other factors also suggest a[sic] intentionally set fire such as the windows being down in the vehicle prior to the fire, a fact that would be unusual for ordinary operation of the vehicle in January" (Id., citing to Exhibit F of doc. 62).

Plaintiff contends that he is blind-sided by this testimony because in his deposition Sargent responded to a question about whether he believed the fire was "set" with, "I believe there's indicators to indicate that, but I was not asked to perform any further evaluation into an arson" (Id.). To a question about whether he believed it was "an arson," Sargent responded with, "I believe there's many indicators that lead me to believe that it's a strong possibility of an arson" (Id.). Finally, Plaintiff notes that Sargent was asked at his deposition whether his conclusion was still that the fire was of "undetermined origin," to which Sargent responded in the affirmative, and that Sargent was asked whether he had been asked to render any other opinions not contained in his report and supplement, to which he responded in the negative (Id.). Given that Sargent said he was not asked to perform any further

3

arson evaluations and that Defendants had not pled arson as an affirmative defense, Plaintiff did not question Sargent further regarding arson at his deposition (Id.).

Plaintiff argues that Sargent's testimony in its entirety should be excluded from Defendants' Motion for Summary Judgment and from the trial in this case because Plaintiff had no opportunity to have his expert review and test the validity of Sargent's arson opinions (Id.).

In response, Defendants argue first that Plaintiff's requested remedy, the exclusion of Sargent's testimony in its entirely, is out of proportion to the alleged violation of the rule of civil procedure (doc. 100). Next, Defendants argue that Plaintiff's claim that he was "blind-sided" by Sargent's opinions is disingenuous because the observations Sargent made in his affidavit were also in his report (Id.). Specifically, Defendants note that Sargent's report concluded that the cause and origin of the fire were undetermined and that the volume of fire, the burn patterns, the fact that the windows of the car were down and that no natural cause of the fire was identified were all discussed in Sargent's report (Id.). Finally, Defendants contend that Sargent's testimony is significant not because, as Plaintiff asserts, it is an improper attempt to plead arson as a defense but because Sargent's observations of the fire led him to the conclusion that its origin was undetermined (Id.). This is important, say

Defendants, because it is distinct from Plaintiff's characterization of the fire as being accidental in origin (Id.). In addition, Defendants argue, Sargent's conclusion that the fire's origins are undetermined supports Defendants' position that Plaintiff materially misrepresented facts surrounding the fire, which would justify Defendants' denial of payment to Plaintiff (Id.).

In reply, Plaintiff contends that if, as Defendants claim, Sargent's affidavit offers no new information or testimony, then it is unnecessary (doc. 108). Plaintiff argues that it does contain new information, and points to the difference between Sargent's report, in which the phrase "intentionally set fire" is not used at all, and his affidavit, which uses the phrase six times (Id.).

### B. Goodman and Heltman's Testimony

Plaintiff also moves this Court to strike the affidavits of each of James Goodman, Defendants' Special Investigations Unit employee in charge of the fire investigation, and John Heltman, one of Defendants' experts, because, Plaintiff contends, the affidavits directly contradict the witnesses' depositions (docs. 76 and 77).

#### 1. Goodman

Specifically, Plaintiff notes that in his affidavit attached to Defendants' Response (doc. 73), Goodman states,

"I was asked the question whether the Plaintiff's

> misrepresentations and/or concealment was intentional at a time when I had not seen the file in this matter for a period in excess of two years. In addition, I had not worked with a State Farm Company in more than 12 months. Accordingly, my statement was accurate that I did not know at the time of my deposition what the grounds were for making a determination as to whether the misrepresentations and/or acts of concealment were intentional by the Plaintiff" (doc. 76, citing Exhibit E of doc. 73).

Plaintiff contends that this statement directly contradicts Goodman's deposition testimony because he twice responded in that testimony that he did not know if any concealment attempts were intentional or not (Id.). Further, Plaintiff argues that Goodman's affidavit should be stricken because, Plaintiff contends, Goodman submitted the affidavit, altering his responses to the questions posed to him at his deposition, because he thought Plaintiff would benefit from the answers (Id.).

In response, Defendants argue that Goodman made no contradictory statements and contends that, through his affidavit, Goodman merely sought to ensure that the Court was aware that Plaintiff was ascribing meaning to his deposition testimony that Goodman did not intend or anticipate (doc. 100). Specifically, according to Defendants, Goodman understood his deposition testimony to be reflective of his knowledge at the time the deposition was taken and that, at that time, he had not been employed by Defendants for some time and had not reviewed the file material before his deposition (Id.). Therefore, according to Defendants, at the time of his deposition, Goodman's knowledge of

6

the case was old and unrefreshed and he was unable to make a definitive statement with respect to Plaintiff's intent to conceal or misrepresent (Id.). Defendants further contend that Plaintiff's claim that Goodman did not opine as to Plaintiff's intentionality is disingenuous both because Goodman assisted in drafting the summary of the claim investigation, which includes the conclusion that Plaintiff intentionally misrepresented and concealed information, and because, as Plaintiff knows, Goodman stated in his deposition that he agreed with outside counsel's opinion that the misrepresentations and concealment were intentional (Id.). In addition, Defendants contend that Plaintiff himself admits that he intentionally withheld the story about his blackout[1] (Id.).

In reply, Plaintiff reiterates that Goodman repeatedly answered in his deposition that he did not know whether Plaintiff's actions were intentional and that Plaintiff himself would have to be asked that question (doc. 108). This, Plaintiff argues, is a clear statement that Goodman did not know whether Goodman's actions were intentional and Defendants cannot now attempt to cast it as Goodman not remembering (Id.).

**2. Heltman**

---

[1] Plaintiff claims to have suffered a blackout of some undetermined amount of time just before the fire began, but he did not initially inform the investigators of this (doc. 64). Defendants point to this, inter alia, as evidence of Plaintiff's misrepresentations and/or concealment, upon which they based their denial decision (doc. 62).

7

With respect to Heltman, Plaintiff contends that his affidavit supporting Defendants' Motion for Summary Judgment directly contradicts his deposition testimony, and therefore Plaintiff argues it must be disregarded by the Court (doc. 77). Specifically, Plaintiff points to the statement in Heltman's affidavit that, while Heltman stands by the answers given in his deposition, he "did not perform a complete analysis of the fire scene at the location of the Honda vehicle" (Id.). His affidavit goes on to say that his "focus at the scene of [the] fire was on the home and not the automobile" (Id.). This, Plaintiff contends, directly contradicts Heltman's deposition testimony, wherein he detailed his experience in vehicle fires and responded in the affirmative to a question about whether he was focusing on the engine compartment of the vehicle in his investigation (Id.). In addition, Plaintiff notes that in Heltman's deposition, Heltman said that he was able to determine that the fire started in and around the engine compartment and that he suggested a forensic mechanic would be better able to pinpoint the origin in order to rule out the possibility of subrogation (Id.). Finally, Plaintiff contends that Heltman's affidavit statement that he did not intend his deposition testimony to be construed as testimony from an expert on whether fire can cause closed windows to go down is "incredulous" because Heltman testified in his deposition that, while he has never seen it happen, it is possible that the fire

could short out the electricity of power windows, causing them to go down from a closed position (Id.).

In response, Defendants contend that his affidavit provides the Court with additional, not contradictory, testimony (doc. 100). Heltman, Defendants assert, stands by his deposition testimony but wished to clarify for the Court that he felt he was asked questions about the windows that were outside his area of expertise (Id.). Defendants further contend that Heltman's review of the car was cursory, which is supported by the fact that he recommended that an engine expert be retained (Id.).

In his reply, Plaintiff argues that Defendants' attempt to cast Heltman's review of the car as cursory is belied by the evidence, which includes thirty-eight pictures taken by Heltman of the car, twenty-one of which involve the hood or mechanical components under the hood (doc. 108). This, Plaintiff argues, supports his assertion that Heltman focused his investigation on the car and that it was not cursory at all (Id.). In fact, Plaintiff contends, Heltman admitted in his deposition testimony that when he was hired he was told that the likely source of the fire was the car (Id.). Plaintiff further contends that the questions put to Heltman about the windows were not outside his area of expertise because he testified that he had a significant amount of experience in vehicle fires (Id.).

**II. Law, Discussion & Analysis**

**A. Sargent**

The Federal Rules of Civil Procedure provide, in relevant part, that a party without substantial justification that fails to disclose an expert written report shall not be permitted to use such undisclosed evidence in motions, hearings or trials unless the failure to disclose is harmless. Fed.R.Civ.P. 26(a); 37(c)(1). Here, Plaintiff argues that Defendants have neither shown that they had substantial justification for not providing the information contained in Sargent's affidavit through the requisite discovery channels nor made the case that such failure was harmless (doc. 68). While the Court agrees that Defendants did not explicitly plead harmlessness or substantial justification, the Court construes Defendants' argument that Plaintiff cannot legitimately claim that he was blind-sided by Sargent's affidavit to be an assertion that the affidavit was harmless. The Court agrees with this position and finds that Sargent's affidavit is admissible for the Court's consideration in the motions for summary judgment because Plaintiff opened the door to arson in his deposition questioning of Sargent. For example, Plaintiff asked Sargent whether he thought the fire was set, whether it was arson (doc. 68). Sargent answered that he believed there were indicators to that effect, that there was a strong possibility of that, but that he was not asked to perform further investigation into arson (Id.). Having so opened the door and been put on notice by

Sargent's responses, Plaintiff cannot now claim that he is in any way blind-sided or prejudiced by the statements contained in Sargent's affidavit. See, e.g., David v. Caterpillar, Inc., 324 F.3d 851 (7th Cir. 2003)(listing factors to consider when determining whether violation of discovery disclosure is justified or harmless, including, inter alia, prejudice or surprise to party against whom evidence is offered). As with denials of motions in limine, a denial of a motion to exclude at the summary judgment stage does not necessarily mean that the contested evidence would be admitted at trial. Cf. Schlegel v. Li Chen Song, 547 F.Supp.2d 792, 796 (N.D. Ohio 2008), citing United States v. Connelly, 874 F.2d 412, 416 (7th Cir. 1989). The Court will address the questions of relevancy, foundation and potential prejudice regarding the admissibility of Sargent's opinions on arson as applicable through motions in limine, as appropriate, or at trial.

**B. Goodman and Heltman**

As Plaintiff notes, a party cannot create a genuine issue of material fact to defeat summary judgment merely by submitting an affidavit that contradicts earlier deposition testimony. See, e.g., Reid v. Sears, Roebuck & Co., 790 F.2d 453, 460 (6th Cir. 1986). Therefore, to the extent Goodman and Heltman's affidavits contradict their deposition testimonies and such contradictions create a genuine issue of material fact, the Court should strike them. The Court agrees with Plaintiff that Goodman's affidavit

11

contradicts his deposition testimony insofar as he claims in his affidavit that he believes that Plaintiff intentionally misrepresented or concealed information to Defendants. Goodman was quite clear in his deposition testimony that he did not know whether Plaintiff's actions were intentional and repeatedly directed Plaintiff's counsel to Plaintiff himself as the sole source of that information. The Court is not persuaded by Defendants' attempt to cast this as a simple case of Goodman not having the case fresh in his mind, or that by not knowing he somehow meant not remembering. However, the Court does not find that the affidavit's contradictions create a genuine issue of material fact because other evidence in the record shows that Goodman was of the opinion that Plaintiff acted intentionally. Whether the fact-finder believes Goodman's deposition testimony, that he did not know whether Plaintiff acted intentionally, or Goodman's trial testimony that he agreed with outside counsel's finding that Plaintiff so acted is a question of credibility, not admissibility.

Similarly, the Court agrees with Plaintiff that Heltman's affidavit contradicts his deposition testimony inasmuch as Heltman claims he did not focus on the car during his investigation and that, instead, he focused on the home. This statement stands in stark contrast to his deposition testimony that he was focused on the car as the point of origin of the fire. Again, the Court is

unpersuaded by Defendants' attempt to cast this as merely a desire on Heltman's part to inform the Court that he was outside his expertise comfort zone or that such a contradictory statement is somehow supplemental and not conflicting.[2] However, the Court does not find that Heltman's affidavit creates a genuine issue of material fact. Instead, as with Goodman's affidavit, it may raise issues of credibility, but that is for the fact-finder, not this Court at summary judgment. See, e.g., Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 340 (6th Cir. 2008)(witness's inconsistent statements go to weight not admissibility).

Indeed, the Court finds that the bulk of the parties' arguments goes to the credibility of the witnesses, not the admissibility of the evidence. Credibility is not an issue for this Court on summary judgment. See Anderson v. Liberty Lobby, 477 U.S. 242, 252 (1986). See also Jahn v. Equine Services, PSC, 233 F.3d 382, 393 (6th Cir. 2000)(vacating district court's grant of summary judgment because court improperly excluded expert testimony on the basis of weight not admissibility). Instead, the Court's role at the summary judgment stage is to assess whether the moving party can admit at trial sufficient evidence, against the nonmoving party's refuting evidence, such that a reasonable jury could not return a verdict for the nonmoving party. Id. Whether a jury

---

[2] Defendants' characterization of Heltman's review of the car as cursory is simply a conclusory statement of counsel, to which this Court pays no heed.

believes Goodman and Heltman's deposition testimonies or, to the extent they conflict, statements made at trial that may mimic statements made in their affidavits is one of the many risks of trial, certainly, but what and whom to believe is an issue for the fact-finder to wrestle with, and is not for the Court at summary judgment.

**III. Conclusion**

For the foregoing reasons, Plaintiff's Motion to Exclude the Testimony of Defendants' Expert Mark Sargent (doc. 68), Plaintiff's Renewed Motion to Exclude the Testimony of Defendants' Expert Mark Sargent (doc. 75), Plaintiff's Motion to Strike the Affidavit of James Goodman (doc. 76), and Plaintiff's Motion to Strike the Affidavit of John Heltman (doc. 77) are DENIED.

SO ORDERED.

Dated:   November 3, 2009      /s/ S. Arthur Spiegel

                               S. Arthur Spiegel
                               United States Senior District Judge